**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BOS GMBH & Co. KG and
BOS AUTOMOTIVE PROD-
UCTS, INC.,

              Plaintiff,

      v.

MACAUTO USA, INC., and
MACAUTO INDUSTRIAL
CO., LTD.,

            Defendants.

Case No. 17-10461
Hon. Terrence G. Berg

**OPINION AND ORDER DENYING DEFENDANT
MACAUTO TAIWAN'S MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION (Dkt. 16)**

## I.    Introduction

This is a patent infringement lawsuit. The Plaintiffs, a German company and its Michigan-based subsidiary, allege that Defendants, a Taiwanese company and its American subsidiary, manufacture, import, and sell retractable rear window shades to American auto manufacturers and auto part suppliers using technology that infringes Plaintiffs' patent. The Taiwanese corporate Defendant has moved to dismiss this action against it for lack of personal jurisdiction. For the reasons outlined below, Defendant's Motion to Dismiss is DENIED.

## II. Background

BOS GmbH & Co. KG ("BOS Germany) and BOS Automotive Products, Inc. ("BOS USA") (collectively "Plaintiffs") filed this patent infringement action against Defendants Macauto USA, Inc. ("Macauto USA"), Kunshan Macauto Automobile Parts Industry Co., Ltd. ("Macauto China"), and Macauto Industrial Co., Ltd. ("Macauto Taiwan") (collectively "Defendants") on February 13, 2017. Dkt. 1.

The parties stipulated to the dismissal of Macauto China on May 12, 2017. Dkt. 15. Defendant Macauto Taiwan and Macauto USA are the two remaining Defendants, and Defendant Macauto Taiwan now seeks dismissal from this case for lack of personal jurisdiction. Dkt. 16.

Plaintiffs allege Defendants violated United States patent laws, 35 U.S.C. § 271, by infringing on Plaintiffs' U.S. Patent No. 7,188,659 (the "'659 Patent"). Plaintiff BOS Germany has owned the '659 Patent for "Injection-Molded Plastic Guide Rail" technology since March 2007, and exclusively licensed it in the United States to BOS USA. Dkt. 1 at Pg ID 2, 7-8; Dkt 1-1 at Pg ID 21.

According to Plaintiffs, Defendant Macauto Taiwan manufactures retractable rear window shades overseas that use this patented "guide rail" technology and then ships them through various

United States ports of entry to companies in different states, including Ford Motor Company in Dearborn, Michigan. Dkt 1 at Pg ID 4-5. Plaintiffs allege these window shades are then installed in cars, which are manufactured and sold in Michigan by Lincoln Motor Company, a subsidiary of Ford Motor Company. Dkt. 1 at Pg ID 2, 8-9, 13, 14-15. Plaintiffs also allege a product using their patented guide rail design, but manufactured by Defendant Macauto Taiwan, is available for sale at a Ford dealership in Rochester Hills, Michigan. Dkt. 1 at Pg ID 10.

Plaintiffs argue that the Court has personal jurisdiction over Defendant Macauto Taiwan under the Michigan Long-Arm Statute, Mich. Comp. Laws §600.716 because: 1) Defendant Macauto Taiwan transacted business in Michigan by designing, manufacturing, importing, and selling these infringing products to Michigan auto manufacturers and automotive parts suppliers including Ford, and 2) Defendant Macauto Taiwan sold these infringing products knowing they would be supplied to Michigan auto manufacturers and automotive parts suppliers. Dkt. 1 at Pg ID 5.

Defendant Macauto Taiwan filed this Motion to Dismiss on June 1, 2017.[1] In that Motion Defendant argues: 1) Plaintiffs have not

---

[1] Having reviewed the motion and accompanying exhibits, and the remainder of the record, the Court finds that these documents ad-

established the Court may exercise general jurisdiction over the company because they have not alleged "continuous or systematic contacts" with Michigan, Dkt. 16 at Pg ID 103-105; 2) Plaintiffs have not established the Court may exercise specific jurisdiction over the company because they have not alleged sufficient minimum contacts with Michigan that gave rise to this litigation, Dkt. 16 at Pg ID 105-107; and 3) Plaintiffs have not established any other basis for personal jurisdiction under either a stream of commerce or alter-ego theory. Dkt. 16 at Pg ID 107-10.

Plaintiffs responded that they have only argued the Court has specific personal jurisdiction over Defendant Macauto Taiwan based on its regular, documented supply of the allegedly infringing product to at least one Michigan auto manufacturer. Dkt. 18 at Pg. ID 178-183.

For the reasons discussed below the Court finds Plaintiffs have made sufficient allegations at this stage of the proceedings to demonstrate the Court may exercise specific personal jurisdiction over Defendant Macauto Taiwan.

---

equately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

## III. Standard of Review

A party may assert lack of personal jurisdiction as a defense under Fed. R. Civ. Pro. 12(b)(2). Where, as here, the district court relies on the written submissions and affidavits of parties rather than based on an evidentiary hearing or limited discovery the Plaintiff need only make a prima facie showing that personal jurisdiction exists. *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007); *see also Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)("[W]here the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* showing that defendants are subject to personal jurisdiction).

In deciding this motion the district court must view the pleadings and affidavits in the light most favorable to the Plaintiffs, and "should not weigh the controverting assertions of the party [Defendant] seeking dismissal." *Air Products*, 503 F.3d at 549 (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)(internal quotations omitted).

## IV. Analysis

Patent disputes are governed by the law of the Federal Circuit, which requires that a plaintiff establish specific personal jurisdiction over a non-resident defendant by showing such jurisdiction is proper under both the forum state's long-arm statute, and the Constitution's due process requirements. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

Because the Michigan Supreme Court has construed the state's long-arm statute as co-extensive with the due process clause, that two-step inquiry collapses into one. *See Sifers v. Horen*, 188 N.W.2d 623 (Mich. 1971)(finding Michigan long-arm statute confers broadest grant of jurisdiction permitted under the due process clause); *Bridgeport Music, Inc. v. Still N The Water Pub*, 327 F.3d 472, 477 (6th Cir. 2003)(noting where the state long-arm statute is "coterminous" with due process courts need only consider whether exercising personal jurisdiction is consistent with due process).

The Court need only determine therefore whether Plaintiffs have made out a prima facie case that exercising specific personal jurisdiction over Defendant Macauto Taiwan is consistent with federal due process. *See, e.g.*, *Service Solutions U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at * 2 (E.D. Mich. Oct. 18, 2013); *Sports Authority Michigan, Inc. v. Justballs, Inc.*, 97 F. Supp. 2d 806, 810 (E.D. Mich. 2000)(citing *Michigan Coalition of Radioactive*

*Material Users, Inc. v. Griepentrog*, 954 F. 2d 1174, 1176 (6th Cir. 1992).

Under the law of the Federal Circuit, successfully asserting specific personal jurisdiction over a non-resident defendant in a patent infringement claim requires that the Plaintiff show: 1) Defendant purposefully directed its activities at residents of the forum state; 2) the litigation arises out of or is related to those activities; 3) assertion of personal jurisdiction is reasonable and fair. *Autel*, 2013 WL 5701063, * 2 (E.D. Mich. Oct. 18, 2013)(citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)). The first two factors correspond with the minimum contacts analysis under *International Shoe*, and the third factor corresponds with the "fair play and substantial justice" analysis under that case. *Electronics for Imaging*, 340 F.3d at 1350.

Once Plaintiffs allege sufficient facts under those first two factors, the burden shifts to Defendant to show that exercising personal jurisdiction over it is unreasonable even in light of its contacts with Michigan. *Id.*

In short, Plaintiffs must allege Defendant had adequate contacts in Michigan that gave rise to the current litigation, and if they do Defendant must then respond and show it is nonetheless unreasonable to hale the foreign company into a Michigan court.

### a. Purposefully Directed

Plaintiffs argue the Court may exercise specific personal jurisdiction over Defendant Macauto Taiwan because it appears that Defendant custom produces its allegedly infringing rear window shades for the Michigan-manufactured vehicles in which they are ultimately installed, and because Defendant regularly ships those window shades to Ford Motor Company, headquartered in Dearborn, Michigan. Dkt. 1 at Pg ID 5, 8-9, 13, 14-15; Dkt. 18 at Pg ID 180-82. These allegations, according to Plaintiffs, satisfy any version of the stream of commerce test the Court may apply in determining whether Defendant purposefully directed its commercial activity toward residents of Michigan. Dkt. 18 at Pg ID 182.

The Supreme Court has not yet resolved the split in *Asahi*—between Justice Brennan's and Justice O'Connor's plurality opinions—regarding what the proper stream of commerce test should be. *See AFTG-TG, LLC v. Nuvoton Technology Corp*, 689 F.3d 1358, 1362 (Fed. Cir. 2012)(noting that the Court "revisited" the stream of commerce test disagreement in *McIntyre Machinery, Ltd.* 564 U.S. 873 (2011), but declined to decide it).

Justice Brennan's stream of commerce theory is that personal jurisdiction over a non-resident defendant is permissible whenever that defendant knew its "final product [was] being marketed in the forum state." *Asahi*, 480 U.S. at 117. In other words, any company

8

that places a product into the stream of commerce with the reasonable expectation that it could end up in the forum state would be subject to a lawsuit there.

By contrast, Justice O'Connor's "stream of commerce-plus" theory is that personal jurisdiction over a non-resident defendant is only permissible where that defendant's "minimum contacts" with the forum result from "an action of the defendant purposefully directed toward the forum state." *Asahi*, 480 U.S. at 112. In other words, merely placing a product into the stream of commerce in the United States with a reasonable expectation that it *could* end up in the forum state does not give rise to personal jurisdiction *unless* that placement is accompanied by additional conduct specifically targeting the forum state.

Because neither Justice wrote for a majority of the Court—and because no subsequent Supreme Court decision has settled the debate about which test should govern specific personal jurisdiction over non-resident defendants—the Federal Circuit has typically found specific personal jurisdiction exists where Plaintiffs have satisfied the more stringent stream of commerce-plus test. *See, e.g.*, *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563-64, 1566 (Fed. Cir. 1994) (continuing shipments to the forum state and a distribution network that included that state supported personal jurisdiction "under either version of the stream of commerce

theory"); *Polar Electro Oy v. Sunto Oy*, 829 F.3d 1343, 1350 (Fed. Cir. 2010)(shipping almost one hundred products to the forum state "satisf[ied] the more stringent tests articulated by Justice O'Connor in *Asahi*").

Allegations that satisfy this plus test include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state." *Asahi*, 480 U.S. at 112 (O'Connor, J.).

Defendant argues that because Plaintiff has not made any specific allegations that Macauto Taiwan sold the offending products in Michigan, and because it has an affidavit from its sales manager, Ben Chen, stating that Macauto Taiwan does not make, use, offer for sale, or sell the accused infringing product in the United States, Plaintiff has not satisfied *either* stream of commerce test. Dkt. 16 at Pg ID 106, 108; Dkt. 16 at Pg ID 163-64 (Chen Affidavit).

This Court has applied the stream of commerce-plus test in a factually similar patent infringement case where a Chinese corporation was accused of manufacturing allegedly infringing tire pressure sensor technology and importing it to the United States directly and through its American subsidiary. *Service Solutions U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063, at * 2 (E.D.

Mich. Oct. 18, 2013). The *Autel* plaintiffs alleged that the foreign corporate defendant had 1) issued instruction materials for its product that referenced cars manufactured in Michigan; 2) utilized a distribution network in Michigan in which a third-party auto-supplier advertised the allegedly infringing product using defendant's registered trademark; and 3) obtained codes from Michigan auto manufacturers through trade associations to program into the products (i.e., so that the allegedly infringing technology would be compatible with the Michigan-manufactured cars). *Id.* at * 4. This Court concluded that these allegations went beyond the defendant merely introducing its product into the United States' general stream of commerce, and thus made out a prima facie case for purposeful direction at Michigan under the stream of commerce-plus test. *Id.* at *4 (citing *Asahi*, 480 U.S. 112 (O'Connor, J.)); *accord Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563-64, 1566 (Fed. Cir. 1994)(supplying at least 52 allegedly infringing product to retailers in the forum state purposefully directed defendant's commercial activities at that state); *Polar Electro*, 829 F.3d at 1351 (fulfilling orders, packaging products, and preparing shipments in Finland that were then shipped to retailers in the forum state specifically targeted that state).

So too here, Plaintiff has made allegations that go beyond Defendant merely introducing the window shades into the American

11

market. Specifically, Plaintiffs have alleged that: 1) Defendant Macauto Taiwan appears to have custom designed the infringing retractable rear window shades for use in the 2017 Lincoln Continental; 2) Defendant Macauto Taiwan has sold and shipped these infringing products directly to Ford Motor Company, which is headquartered in Dearborn Michigan; 3) Defendant Macauto Taiwan manufactured infringing products that are available for sale in at least one Ford dealership located in Rochester Hills, Michigan. Dkt. 15 at Pg ID 5; Dkt 18 at Pg ID 180-81.

Without discovery or an evidentiary hearing the Court must view these allegations in the light most favorable to Plaintiff and give no weight Defendant's countervailing assertions. *Air Products*, 503 F.3d at 549. The Court therefore finds Plaintiff has alleged sufficient facts that Defendant targeted its allegedly infringing products at Michigan, and has thus stated a prima facie case for purposeful direction under the stream of commerce-plus test.

### b. Arising out of or related to

Plaintiffs have alleged that the infringement of their '659 patent resulted from Defendant Macauto Taiwan's sale of its rear window shades to Ford, a Michigan-headquartered company, which were then installed in cars manufactured by Ford's subsidiary, Lincoln Motor Company, which is also based in Michigan. Dkt 1 at Pg ID 2, 5, 7. Taking these allegations as true Plaintiffs have made out

a prima facie case under the second prong of the specific personal jurisdiction analysis: that the patent infringement litigation arises out of Defendant's conduct in making allegedly infringing products and selling them through commercial contacts with companies in Michigan. *See Polar Electro*, 829 F.3d at 1351; *Autel*, 2013 WL 5701063 at \*5.

### c. Reasonableness

Because Plaintiffs have made out a prima facie case under the first two prongs of the specific personal jurisdiction analysis, Defendant may respond by showing that exercising jurisdiction in this case would still be unreasonable. *Electronics for Imaging*, 340 F.3d at 1350, 1352 (citing *Beverly Hills Fan Co.*, 21 F.3d at 1568)(noting that defendants can only overcome plaintiff's showing of minimum contacts in "rare" cases).

Specifically, Defendant must show that Michigan's interests in having the case adjudicated here are "so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Akro Corp. v. Luther*, 45 F.3d 1541, 1549 (Fed. Cir. 1995).

As Plaintiff notes, Defendant has not set forth any arguments explaining how subjecting it to jurisdiction in Michigan would create an unreasonable burden because of travel-related hardships or other long-distance litigation difficulties.

Though Defendant has not addressed them, the factors to be considered are: 1) the burden on Defendant of litigating this case in Michigan; 2) Michigan's interest in adjudicating the dispute; 3) Plaintiff's interest in getting "convenient and effective relief"; 4) the interstate judicial system's interest in obtaining the most efficient resolution this controversy; and 5) the shared interest of the states in furthering fundamental substantive social policies. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip Medico*, 563 F.3d 1285, 1299 (Fed. Cir. 2009).

While defending against litigation in a foreign country is inherently burdensome, this Court and the Federal Circuit have both recognized that burden to be lessened where a foreign corporate defendant is represented by the same counsel simultaneously representing its American subsidiary, as is the case here. *See* Dkt 19 Pg ID 202 (Attorney Jason Newman represents both Defendants); *Service Solutions,* 2013 WL 5701063 at * 5 (citing *Nuance Commc'ns, Inc. v. Abbyy Software House,* 626 F.3d 1222, 1234 (Fed. Cir. 2010)). Courts have also consistently found that modern innovations in communications and transportation have lessened the burden on foreign companies defending against litigation in the United States. *Beverly Hills Fan Co.*, 21 F.3d at 1569 (citing *World-Wide Volkswagen*, 444 U.S. at 294).

Finally, Michigan has a significant interest in discouraging patent infringement-related injuries that impact the residents of this state from products sold here. *Beverly Hills Fan Co.*, 21 F.3d at 1568; *Autel*, 2013 WL 5701063 at \*5 (citing *Snythes*, 563 F.3d at 1299-1300).

Defendant has thus failed establish that subjecting the company to litigation before this Court would be unduly burdensome. Moreover, this Court on balance has a clear interest in adjudicating the controversy. The Court therefore finds that exercising personal jurisdiction over Defendant Macauto Taiwan is reasonable.

## V.     Conclusion

For the foregoing reasons, the Court finds Plaintiff has alleged a prima facie case for specific personal jurisdiction over Defendant Macauto Taiwan. Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**SO ORDERED.**

Dated: December 21, 2017     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 21, 2017.

s/H. Monda
Case Manager
in the absence of A. Chubb