## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| BOS GMBH & CO. KG and BOS AUTOMOTIVE PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MACAUTO USA, INC. and MACAUTO INDUSTRIAL CO., LTD., <br><br> Defendants. | Case No. 17-10461 <br> Hon. Terrence G. Berg |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
## OF INFRINGEMENT AND NO INVALIDITY

Plaintiffs BOS GmbH & Co. KG and BOS Automotive Products, Inc. (collectively, "BOS"), through their counsel, respectfully move this Court for summary judgment that:

(1)　　Defendants Macauto USA, Inc. and Macauto Industrial Co., Ltd. (collectively, "Macauto") infringe claim 22 of U.S. Patent No. 7,188,659 (the "'659 Patent"), and

(2)　　Claims 22-24, 29, 32, 37-38, and 42 of the '659 Patent are not invalid.

In support of its motion, BOS relies upon the authorities and arguments set forth in the accompanying brief and attached exhibits.

Pursuant to Local Rule 7.1(a), BOS requested concurrence from Macauto in the relief requested, and concurrence was denied.

Dated: April 3, 2020

Respectfully submitted,

By: _/s/ Fred K. Herrmann_____
Fred K. Herrmann (P49519)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Ave., Suite 2500
Detroit, MI 48226
(313) 961-0200
fherrmann@kerr-russell.com

Mark M. Supko
Jeffrey D. Sanok
Josh Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 624-2500
Fax: (202) 628-5116
msupko@crowell.com
jsanok@crowell.com
jrychlinski@crowell.com

Scott L. Bittman
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: (212) 895-4223
Fax: (212) 223-4134
sbittman@crowell.com

*Attorneys for Plaintiffs BOS GmbH & Co.*
*KG and BOS Automotive Products, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BOS GMBH & CO. KG and BOS
AUTOMOTIVE PRODUCTS, INC.,

       Plaintiffs,

   v.

MACAUTO USA, INC. and MACAUTO
INDUSTRIAL CO., LTD.,

       Defendants.

Case No. 17-10461
Hon. Terrence G. Berg

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR
## <u>SUMMARY JUDGMENT OF INFRINGEMENT AND NO INVALIDITY</u>

# TABLE OF CONTENTS

I.    Introduction ............................................................................................ 1

II.   Statement of Material Facts ..................................................................... 2

      A.    The '659 Patent ............................................................................ 2

      B.    The Accused Product ...................................................................... 5

      C.    Macauto's Accused Product Literally Satisfies Each and Every
            Limitation of Claim 22 .................................................................. 6

III.  Argument ............................................................................................... 17

      A.    Macauto Infringes Claim 22 of the '659 Patent ............................. 17

      B.    Macauto Has Failed to Come Forward with Any Evidence, Let
            Alone Clear and Convincing Evidence, Sufficient to Support Its
            Affirmative Defense of Invalidity ................................................. 21

IV.   Conclusion ............................................................................................. 24

## STATEMENT OF ISSUES PRESENTED

1.      Whether Plaintiffs are entitled to summary judgment of infringement because the evidence of record confirms beyond reasonable dispute that Defendants' accused products literally satisfy each and every limitation of claim 22 of U.S. Patent No. 7,188,659 under the Court's claim constructions.

2.      Whether Plaintiffs are entitled to summary judgment that claims 22-24, 29, 32, 37-38, and 42 of U.S. Patent No. 7,188,659 are not invalid because Defendants have failed to present any evidence to overcome the statutory presumption of validity that those claims enjoy, let alone clear and convincing evidence of invalidity.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................21, 23

*Creative Compounds v. Starmark Labs.*,
    651 F.3d 1303 (Fed. Cir. 2011) .......................................................22

*Johnson Worldwide Assocs., Inc. v. Zebco Corp.*,
    175 F.3d 985 (Fed. Cir. 1999) ....................................................17, 18

*Lisle Corp. v. A.J. Mfg. Co.*,
    398 F.3d 1306 (Fed. Cir. 2005) .......................................................20

**Statutes**

35 U.S.C. § 271(a) ...........................................................................18

35 U.S.C. § 282 .............................................................................2, 21

Plaintiffs BOS GmbH & Co. KG and BOS Automotive Products, Inc. (collectively, "BOS") submit this brief in support of their motion for summary judgment that (1) Defendants Macauto USA, Inc. and Macauto Industrial Co., Ltd. (collectively, "Macauto") infringe claim 22 of U.S. Patent No. 7,188,659 (the "'659 Patent") (Ex. A), and (2) claims 22-24, 29, 32, 37-38, and 42 of the '659 Patent are not invalid.

## I.    Introduction

There is no reasonable dispute that Macauto infringes claim 22 of the '659 Patent.   As reflected in its non-infringement contentions and confirmed by the testimony of its technical expert, the sole basis for Macauto's non-infringement defense is that the "second part" of its accused guide rail product allegedly does not contain the "groove" required by the claim.   Instead, according to both Macauto and its expert, the accused product contains a "slot," the difference being that "a groove comprises a bottom while a slot lacks a bottom."  *See* Ex. D, Second Supplemental Non-Infringement Contentions at 3.   Macauto's non-infringement theory, however, flies in the face of the Court's claim construction, which specifies only that a "groove" is "a long, narrow cut, channel or depression."  D.I. 43 at 16 (PageID.913).   No reasonable jury could find that Macauto's supposed "slot" is not, at the very least, "a long, narrow cut," and therefore satisfies the Court's definition of a groove.

BOS is also entitled to summary judgment that the asserted claims of the '659 Patent are not invalid.  Although Macauto asserted an affirmative defense of invalidity in response to BOS's complaint and contended during discovery that the asserted claims were invalid as anticipated or obvious in view of various prior art references, Macauto has failed to come forward with any *evidence* to support its invalidity defense.   To the contrary, Macauto's technical expert pointedly confirmed during his deposition that he was not offering any opinion regarding the validity of the asserted claims, nor had he even been asked to analyze that issue. Having failed to disclose any evidence of invalidity during discovery that could properly be presented to a jury, Macauto will be unable to overcome the presumption of validity that the claims of the '659 Patent enjoy under 35 U.S.C. § 282.  Accordingly, BOS is entitled to summary judgment on Macauto's affirmative defense of invalidity.

## II.    Statement of Material Facts

The numbered paragraphs below contain facts sufficient to support a finding of infringement of claim 22 of the '659 Patent, and a finding of no invalidity of asserted claims 22-24, 29, 32, 37-38, and 42.

### A.    The '659 Patent

1.    The '659 Patent, titled "Injection Molded Guide Rail," was duly issued by the U.S. Patent and Trademark Office on March 13, 2007.  The patent is

directed to a motor vehicle window shade assembly with an improved two-part, molded guide rail arrangement.  Ex. A, '659 Patent at 1:46-49.

2.     An exemplary motor vehicle containing a window shade (14) that works with guide rail (16) is shown in Figure 1 of the patent, reproduced and annotated below, with the strip-shaped shade portion shown as element (15) (in blue):



Fig.1

3.     The '659 Patent discloses several different embodiments of the guide rail.  Figure 4, reproduced and annotated below, depicts in cross-section an embodiment to which asserted independent claim 22 is generally directed.



Fig.4

4.   Claim 22, which is an independent claim, reads as follows:

[22a]. A guide rail arrangement (16) for window shades (14) in motor vehicles comprising

[22b] an [sic] first part (63) in the form of an elongated molded part, said first part (63) including a first connecting portion (68) and an elongated section formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the length of the guide rail arrangement,

[22c] a second part (64) in the form of an elongated molded part, said second part (64) having a second connecting portion (71) and an elongated section formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the length of said guide rail arrangement (16); and

[22d] said connecting parts (68, 71) of said first and second parts (63, 64) being interconnectable to position and retain the first and second parts (63, 64) relative to one another with said grooves of said first and second parts (63, 64) defining an undercut guide groove (27).

Ex. A, '659 Patent at 9:18-34.

## B. The Accused Product

5.     Macauto stands accused of infringing the '659 Patent as a result of, *inter alia*, selling a retractable rear window shade product that it refers to as the D544 ("Accused Product").

6.     Defendant Macauto USA, Inc. ("Macauto USA") is the Macauto entity primarily responsible for the importation, distribution, marketing, sales and consumer support of the Accused Product in the United States.  *See* Ex. L, Macauto USA's Resp. to First Set of Interrogs., No. 2.

7.     Defendant Macauto Industrial Co., Ltd ("Macauto Taiwan") is the Macauto entity responsible for the design, development, and manufacturing of the Accused Product.  *See* Ex. M, Macauto Taiwan's Resp. to First Set of Interrogs., No. 2.   The Accused Product was designed for sale in the U.S.  *See* Ex. I, Engineering Statement of Work between Ford and Macauto; Ex. H, Weng Dep. Tr. at 20:4-21:24.  Macauto Taiwan has also imported and sold the Accused Product in the United States, and customers remit payment for the Accused Product directly to Macauto Taiwan.  *See* D.I. 1-2, (Exhibit B to Complaint) (PageID.35-49); Ex. N,

Chen Dep. Tr. at 65:15-20; 50:5-22; 20:13-21; Ex. G, Luca Dep. Tr. at 99:20-100:23.

8.      Macauto USA is a subsidiary of Macauto Taiwan.    D.I. 11 (PageID.73).

9.      Macauto sells the Accused Product to Ford Motor Company in the United States, which then incorporates the product into certain vehicles manufactured and/or sold in the United States, including the 2017 through 2020 Lincoln Continental. *See, e.g.*, Ex. E, Ltr. from J. Newman to M. Supko dated May 22, 2018 at 1, 3; Ex. F, spreadsheet showing sales from Macauto to Ford; Ex. G, Luca Dep. Tr. at 61:5-64:11.

### C.     Macauto's Accused Product Literally Satisfies Each and Every Limitation of Claim 22

10.     The evidence developed during discovery in this case confirms that the Accused Product literally meets each of the limitations of claim 22 under the Court's claim constructions.

#### 1.     [22a] A guide rail arrangement (16) for window shades (14) in motor vehicles

11.     The Accused Product satisfies the limitations of claim element [22a] because it contains a guide rail arrangement for window shades in motor vehicles,

as shown in the photograph below.[1]



12.     The left and right side guide rail are used with window shades for motor vehicles.  *See, e.g.,* Ex. G, Luca Dep. Tr. at 56:2-16; Ex. I, Engineering Statement of Work between Ford and Macauto.

13.     BOS's technical expert, Donald Parker, confirms from the perspective of a person of skill in the art ("POSITA") that the Macauto Accused Products meet the limitations in claim element [22a].  Ex. J, Opening Expert Report of D. Parker

---

[1] This photograph shows the guide rail that would be installed on the right side of the vehicle viewed in the forward driving direction.  The left side guide rail is a mirror image, which looks and functions the same with respect to the assertions concerning claim 22.  Both the left and right side guide rails meet the limitations of claim 22 discussed herein for the same reasons.

Concerning Infringement of U.S. Patent No. 7,188,659 ("Parker Report")[2] at ¶¶64-68.  Macauto does not dispute that the Accused Product satisfies these limitations of claim 22.  Ex. B-D, Macauto's Non-Infringement Contentions.

> **2.** **[22b] comprising an** [sic] **first part (63) in the form of an elongated molded part, said first part (63) including a first connecting portion (68) and an elongated section formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the length of the guide rail arrangement,**

14.    As shown and annotated in the photographs below of a disassembled guide rail arrangement, the Accused Product satisfies the limitations of claim element [22b] because it includes a first part (63)[3] in the form of an elongated section including a first connecting portion (68) and formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the

---

[2] Mr. Parker's report, which was served on Macauto on December 18, 2019, was signed under the penalty of perjury and is thus admissible evidence in support of this motion.  *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1039 (C.D. Cal. 2013) ("Moreover, an expert report sworn under penalty of perjury is admissible and need not be attached to the expert's declaration."); *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, 454 F. Supp. 2d 600, 604 (N.D. Tex. 2006) ("Collins counters that the expert reports can be used to support its summary judgment motion because they were made under penalty of perjury….Collins is correct.").  Macauto took Mr. Parker's deposition concerning this report on February 6, 2020.

[3] There are two "parts" that make up the guide rail arrangement.  While the identification of "first" and "second" is arbitrary, both parties have consistently identified this part shown in the photograph as the "first part" and the other part discussed in connection with limitation [22c] as the "second part."  The photo shows the under or back side of the part having the groove shown in the initial photograph.

length of the guide rail arrangement.



*Macauto Accused Product – guide rail first part (63)*

15.    The "groove" is shown in the image below in closer detail, and easily fits the Court's definition of the term "groove" as "a long, narrow cut, channel or depression."  It can also be seen to extend continuously over at least a part of the guide rail, and it is free of any undercuts.



16.     This part was formed by the molding of plastic material, and is thus an elongated "molded part."  That was confirmed by Mr. Shihman (Jason) Weng, manager of the Macauto Research and Development Department, who testified about the nature of the molds used to produce the respective guide rail parts.  Ex. H, Weng Dep. Tr. at 45:16-53:19.

17.     Mr. Parker further confirms from the perspective of a POSITA that the Accused Product meets the limitations in claim element [22b].  Ex. J, Parker Report at ¶¶69-71.  Macauto does not dispute that the Accused Product satisfies these limitations of claim 22.  Ex. B-D, Macauto's Non-Infringement Contentions.

    **3.     [22c] a second part (64) in the form of an elongated molded part, said second part (64) having a second connecting portion (71) and an elongated section formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the length of said guide rail arrangement (16); and**

18.     As shown in the annotated photographs below, the Accused Product satisfies the limitations of claim element [22c] because the guide rails include a second part (64) in the form of an elongated molded part, with a second connecting portion (71) and an elongated section formed with a groove that is essentially free of undercuts and extends continuously over at least a part of the length of said guide rail arrangement.



*Macauto Accused Product – guide rail second part (64) – back side*

19.   This second part is also formed by the molding of plastic material, and is thus an elongated "molded part".  *See* Paragraph 16, *supra*.

20.   The "groove" is shown in closer detail in the four images below. While structurally different from the "groove" in the first part—this groove has an open bottom, while the groove in the first part has a closed bottom—this one too easily fits the Court's definition of the term "groove" as "*a long, narrow cut*, channel or depression."  It can also be seen to extend continuously over at least a part of the guide rail, and it is free of any undercut condition.



*Macauto Accused Product – guide rail second part (64) – front side*



*Macauto Accused Product – guide rail second part (64) – back side*



*Macauto Accused Product – guide rail second part (64)*



*Macauto Accused Product – guide rail second part (64) – back side*

21.     Mr. Parker further confirms from the perspective of a POSITA that the Accused Product meets the limitations in claim element [22c].  Ex. J, Parker Report at ¶¶72-75.

> **4.     [22d] said connecting parts (68, 71) of said first and second parts (63, 64) being interconnectable to position and retain the first and second parts (63, 64) relative to one another with said grooves of said first and second parts (63, 64) defining an undercut guide groove (27).**

22.     As shown in the annotated photograph below, the Accused Product satisfies the limitations of claim element [22d].  The identified first and second parts of the guide rail arrangement in the Accused Products have "connecting parts/portions" that are "interconnectable," which the Court construed to mean "capable of connecting with one another in a mating fashion."   D.I. 43 at 23 (PageID.920).  The "connecting parts" (68/71) of the first and second parts (63/64) plainly connect in a mating fashion to position and retain the first and second parts (63/64) together.



*Macauto Accused Product – guide rail first part (63)*



*Macauto Accused Product – guide rail second part (64)*



*Macauto Accused Product – connecting parts shown mated together*

23.    When the first and second parts are connected together, the groove on the first part (63) aligns with the groove on the second part (64) to create (define) an "undercut guide groove (27)" (shown in the figure above), which has been construed by the Court as "a guide groove which includes an indentation or overhanging portion that, if the guide groove was formed in a single molded part using a simple two part mold, would make ejecting the single molded part from the

simple two part mold almost impossible without the single molded part being able to widen and spring back into shape."  D.I. 43 at 30 (PageID.927).

24.     The undercut guide groove demonstrated in the picture above is also shown schematically below:



25.     As shown in the above photographs, the combination of the first part and the second part creates a groove shape that would be impossible to form by molding in a single mold without significant complications.  That was confirmed by Mr. Weng, when explaining why Macauto designed the accused guide rail product to be assembled from two parts:

> the mold is -- you know, there's a left part and a right part.  So when the product is being formed and the -- after the product being formed, so the mold has to open. And so if it's not -- if they are not separate, so the mold can -- you know, that would be sticking together. There's an undercut would be stick together, so it has to be separate.

Ex. H, Weng Dep. Tr. at 51:3-51:10.

26.     Mr. Parker further confirms from the perspective of a POSITA that the Accused Product meets the limitations in claim element [22d].  Ex. J, Parker Report at ¶¶78-83.  Macauto does not dispute that the Accused Product satisfies these limitations of claim 22.  Ex. B-D, Macauto's Non-Infringement Contentions.

## III.    Argument

### A.    Macauto Infringes Claim 22 of the '659 Patent

BOS bears the burden of proving infringement by a preponderance of the evidence.  *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).  Infringement of a utility patent requires a two-step analysis.  "First, the court determines the scope and meaning of the patent claims asserted…."  *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*).  Second, "the properly construed claims are compared to the allegedly infringing device."  *Id.*  Step one, claim construction, is a question of law.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*).  Step two, comparison of the claims to the accused device, requires a factual determination that every claim limitation is found in the accused device, either literally or under the doctrine of equivalents.  *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997).  Where the relevant aspects of the accused device's structure and operation are undisputed, the question of whether the product infringes turns on the interpretation of the claims.  *Johnson Worldwide*

*Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 988-99 (Fed. Cir. 1999).  In such cases, summary judgment is appropriate.  *Id.*

As demonstrated in Section II above, the Accused Product, which Macauto both sells in the United States and imports into the United States, literally satisfy each and every limitation of claim 22 of the '659 Patent.  Macauto thus infringes that claim under 35 U.S.C. §271(a).

Through its disclosures during fact and expert discovery, the only limitation of claim 22 that Macauto disputed is the "groove" within the "second part."  Ex. B-D, Macauto's Non-Infringement Contentions.   The Court construed the term "groove" in claim 22 to mean a "long, narrow cut, channel, or depression."  D.I. 43 at 16 (PageID.913).  As can be readily seen in the photograph below, the relevant structure in the second part of the Accused Product constitutes, at the very least, a "long, narrow cut":



*Macauto Accused Product – guide rail second part (64) – front side*



*Macauto Accused Product – guide rail second part (64)*

*See also* Section II.A, Paragraph 20, *supra.*  BOS's expert, Mr. Parker, confirms

that conclusion from the perspective of a POSITA.  Ex. J at ¶¶72-75.

Eschewing the Court's claim construction, Macauto contends that the second

part of the Accused Product includes a "slot," not a groove, the difference

supposedly being that a groove must have a bottom, while a slot does not.  Ex. D,

at 3.  Likewise, Macauto's technical expert, Dr. Malloy, conceded that his non-

infringement opinion rests on his own construction of the term "groove," not the

Court's:

> Q.  For purposes of developing the noninfringement opinions
> expressed in your report, did you assume that a groove has to
> have a base?
>
> A.  Yes.  I think one of ordinary skill would – or a POSITA, which
> I don't know if ordinary skill is sufficient, but would know that
> a groove has a base.

Ex. K, Malloy Dep. Tr. at 42:17-24.  Indeed, Dr. Malloy attempts to sidestep the

fact that the Court considered this very issue during claim construction and did not

adopt Macauto's proposed construction by suggesting that the Court nevertheless

"implied" that a groove must have a bottom:

> Q.     You go on to say that:
>
>> "A POSITA would understand that a groove is a feature having at least two sides and a bottom or base or connecting structure."
>>
>> That's not how the court construed the term "groove;" correct?
>
> A.     The court used other terminology.  They didn't describe it exactly like that, but the way they construed groove, they are implying that it certainly has a base.

Ex. K, Malloy Dep. Tr. at 41:11-21.[4]  The Court did no such thing.

Macauto's contention that the relevant feature in its Accused Product is not a

"groove" because it lacks a bottom requires adding a limitation that is not present

in the Court's construction, and thus is deficient as a matter of law.[5]  *See Lisle*

*Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1314 (Fed. Cir. 2005) (affirming summary

---

[4] Dr. Malloy's reliance on a claim construction that differs from the one ordered by the Court renders his noninfringement opinion legally improper and thus inherently unreliable, as discussed in BOS's co-pending *Daubert* motion seeking to exclude Dr. Malloy's testimony.  Nevertheless, BOS is entitled to summary judgment regardless of whether the Court grants its *Daubert* motion.

[5] Notably, Macauto's position is based on proposed limitations from its original claim construction briefing that the Court expressly declined to adopt.  *See* D.I. 43 at 16.

judgment of infringement where defendant's noninfringement position was premised solely on the court adopting its proposed, but rejected, claim construction).   Given that Macauto has failed to present a non-infringement defense based on *the Court's* construction of the term "groove," summary judgment of infringement is appropriate.

### B.   Macauto Has Failed to Come Forward with Any Evidence, Let Alone Clear and Convincing Evidence, Sufficient to Support Its Affirmative Defense of Invalidity

By statute, the duly issued claims of the '659 Patent are presumed valid, and Macauto bears the burden of proving invalidity by clear and convincing evidence. 35 U.S.C. § 282; *see also Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 98-114 (2011).  To justify summary judgment that the asserted claims are not invalid, BOS must show that Macauto failed to produce clear and convincing evidence on which a reasonable jury could rely to invalidate the claims.  *Id.*  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

### 1.   Invalidity under 35 U.S.C. §§ 102, 103

During fact discovery, Macauto presented an assortment of invalidity theories in its invalidity contentions, arguing that the asserted claims of the '659 Patent are invalid for anticipation under 35 U.S.C. § 102 and/or for obviousness

under 35 U.S.C. § 103.  Both theories, however, must be established by competent evidence – which requires at least competent testimony from the perspective of a person of ordinary skill in the art, which is typically in the form of expert testimony due to the need for opinion testimony comparing the disclosures of prior art references to what is required by the patent claims.  *See Creative Compounds v. Starmark Labs.*, 651 F.3d 1303, 1313 (Fed. Cir. 2011) (affirming summary judgment for patentees where the party alleging anticipation fails to present "testimony from one skilled in the art identifying each claim element and explaining how each claim element is disclosed in the prior art reference.").

Here, Macauto has failed to come forward with *any* admissible evidence to support its invalidity defense.  Indeed, its lone technical expert, Dr. Malloy, confirmed not only that he was not offering an invalidity opinion, but also that he had not even analyzed the issue sufficiently to form an opinion about the validity of the asserted claims:

> Q.   Is it your opinion that any of the claims of the '659 Patent are invalid in view of the prior art?
>
> A.   I haven't been asked to comment on any issues associated with invalidity.
>
> Q.   Have you analyzed the validity of any of the asserted claims with respect to any of the prior art references that are discussed in your report?
>
> A.   I would say not in sufficient detail to answer that question.

Ex. K, Malloy Dep. Tr. at 27:14-24.

Macauto's invalidity contentions are untethered to any admissible evidence that it could present to the jury at trial, warranting summary judgment in BOS's favor on Macauto's affirmative defense. *See Celotex*, 477 U.S. at 322 (explaining that summary judgment should be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial"); *see also Aevoe Corp. v. AE Tech Co.*, 40 F. Supp. 3d 1351, 1363 (D. Nev. 2014) (granting summary judgment of no invalidity where defendants failed to present expert witness on invalidity, explaining that defendants "failed to provide any testimony from any competent witness to support the claim charts submitted by Defendants' counsel").

### 2. Invalidity for Other Alleged Bases, Specifically Including 35 U.S.C. §§ 101 and 112

In the Affirmative Defenses provided in their Answers, Macauto generically asserted that claims of the '659 Patent are invalid for "for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112." D.I. 10 at 6, ¶5 (PageID.69); D.I. 22 at 7, ¶5 (PageID.235). However, other than those reasons for invalidity under 35 U.S.C. §§ 102, 103 discussed above, Macauto's invalidity contentions failed to identify any other basis for alleged invalidity, including under

35 U.S.C. §§ 101 or 112. But if Macauto had intended to pursue such other invalidity bases at trial, it was required to specify the reasons and supporting evidence in its invalidity contentions for "any grounds of invalidity **based on 35 U.S.C. §112 or other defenses**." D.I.31 at 4-5, ¶4 (PageID.435-436). Since Macauto did not do so, summary judgment of no invalidity is also warranted for any other theory of invalidity (including under 35 U.S.C. §§ 101 or 112) that was not supported in Macauto's invalidity contentions.

## IV. Conclusion

For the reasons detailed above, BOS respectfully requests that the Court grant its motion for summary judgment that (i) Macauto has infringed claim 22 of the '659 Patent, and (ii) claims 22-24, 29, 32, 37-38, and 42 of the '659 Patent are not invalid.

Dated: April 3, 2020      Respectfully submitted,

By: */s/ Fred K. Herrmann*
Fred K. Herrmann (P49519)
KERR, RUSSELL AND WEBER, PLC
500 Woodward Ave., Suite 2500
Detroit, MI 48226
(313) 961-0200
fherrmann@kerr-russell.com

Mark M. Supko
Jeffrey D. Sanok
Joshua M. Rychlinski
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 624-2500
Fax: (202) 628-5116
msupko@crowell.com
jsanok@crowell.com
jrychlinski@crowell.com

Scott L. Bittman
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone:  (212) 895-4223
Fax:  (212) 223-4134
sbittman@crowell.com

*Attorneys for Plaintiffs BOS GmbH & Co.
KG and BOS Automotive Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel of record hereby certifies that a true and correct copy of the foregoing document was filed electronically via the court's CM/ECF system on April, 3, 2020, and a copy will be served with the notice of the filing generated and sent electronically via the Court's CM/ECF system on all counsel of record.

KERR, RUSSELL AND WEBER, PLC

By: */s/ Fred K. Herrmann*
Fred K. Herrmann (P49519)
500 Woodward Ave., Suite 2500
Detroit, MI 48226
(313) 961-0200
fherrmann@kerr-russell.com