UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BOS GMBH & CO. KG, et al.** Plaintiff, vs. **MACAUTO USA, INC., et al.,** Defendants. | **4:17-CV-10461-TGB** **ORDER DENYING MACAUTO'S MOTION FOR ATTORNEY'S FEES (ECF NO. 87)** |

This is a patent infringement case in which Plaintiffs BOS GmbH & Co. KG and BOS Automotive Products, Inc. (collectively, "BOS") alleged that Defendants Macauto USA, Inc. and Macauto Industrial Co., Ltd. (collectively, "Macauto") infringed upon U.S. Patent No. 7,188,659, titled "Injection-Molded Plastic Guide Rail" (the "'659 Patent").

This matter is before the Court on Macauto's post-summary judgment motion for attorney's fees. Defs.' Mot. To Deem This Case Exceptional & Seek Att'y's Fees (hereinafter "Motion"), ECF No. 87. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court will decide the Motion without a hearing. For the reasons that follow, the Court does not deem this case an exceptional case warranting an award of attorney's fees. Accordingly, Defendants' Motion is **DENIED**.

1

# I. BACKGROUND

**A. Procedural History**

BOS filed this patent infringement case against Macauto on February 13, 2017, alleging that Macauto infringed the '659 Patent in connection with making, using, offering for sale, selling, and importing an automotive rear window shade (the "Accused Product"). Pls.' Compl., ECF No. 1. Macauto answered on January 4, 2018, alleging that the '659 Patent was invalid and denying that it infringed the '659 Patent. Defs.' Answer, ECF No. 22.

On October 18, 2019, the Court issued an opinion and order construing the disputed claim terms within the '659 Patent that are material to the infringement and validity issues in this case, pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). Op. & Order Construing Disputed Claim Terms (hereinafter, the "Claim Construction Ruling"), ECF No. 43.

Following the claim construction stage of this case, on April 3, 2020, the parties filed cross-motions for summary judgment regarding infringement and validity of the '659 Patent. Pls.' Mot. for Summ. J., ECF No. 60; Defs.' Mot. for Summ. J., ECF No. 62. On January 27, 2021, the Court issued an opinion and order granting Macauto's motion for summary judgment and denying BOS's motion for summary judgment. The Court held, first, that the asserted claims are invalid for obviousness, and second, that Macauto does not literally infringe the asserted claims.

In light of these holdings, the Court dismissed this case with prejudice. However, the Court held that if the asserted claims were found not invalid, there remains a triable issue of whether Macauto infringes the asserted claims under the doctrine of equivalents. Op. & Order Granting Defs.' Mot. for Summ. J. & Den. Pls.' Mot. for Summ. J. (hereinafter, the "Order"), ECF No. 83.

In the meantime, on August 26, 2020, the parties held a settlement conference. However, Macauto alleges that "meaningful progress was not made" because BOS "simply declared victory on infringement" based on its "mistaken confidence" in its reading of the Claim Construction Ruling. Defs.' Mot. Br. 9-10, ECF No. 87 at PageID.4000-01.

Having prevailed on the issues of literal infringement and validity at the summary judgment stage of this case, Macauto now moves for attorney's fees in the amount of $357,757.92.[1] Macauto argues that this is an exceptional case warranting an award of attorney's fees because of the strength of its non-infringement and obviousness arguments and the unreasonableness of BOS's litigation conduct.

---

[1] Macauto timely filed the Motion on February 24, 2021, 28 days after the January 27, 2021 Order, ECF No. 83, and accompanying Judgment, ECF No. 85. *See* Fed. R. Civ. P. 54(d)(2)(A)-(B) (providing for attorney's fees on motions filed "no later than 14 days after the entry of judgment" "[u]nless . . . a court order provides otherwise"); E.D. Mich. LR 54.1.2(a) (requiring motions for attorney's fees to be filed "no later than 28 days after entry of judgment").

### B. Summary Judgement Ruling

The Court has previously set forth an extensive background of the '659 Patent, the asserted claims, the Accused Product, and the prior art references. *See* Order, ECF No. 83, PageID.3905-12; *see also BOS GmbH & Co. KG v. Macauto USA, Inc.*, __ F. Supp. 3d __, 2021 WL 269971 (E.D. Mich. Jan. 27, 2021).

In summary, the asserted claims are drawn to an embodiment of a two-part injection-molded plastic guide rail for an automotive window shade. Like previous one-part injection-molded plastic guide rails, the patented guide rail has an "undercut guide groove" for mounting the window shade. According to the asserted claims, the patented guide rail has "first" and "second" interconnectable "parts" with undercut-free "grooves" that define the undercut guide groove. Using the undercut-free grooves of the first and second parts to define the undercut guide groove creates manufacturability and cost advantages compared to previous guide rails.

On the issue of infringement, the nature of the Accused Product was not at issue. The Accused Product includes a two-part molded plastic guide rail for an automotive window shade. Like the patented guide rail, the accused guide rail has an undercut guide groove for mounting the window shade. The parties agreed that, in accordance with the asserted claims, the accused guide rail has "first" and "second" interconnectable "parts" with undercut-free features that define the undercut guide groove.

4

Relevant to the parties' infringement dispute, the undercut-free features consist of a closed-bottom feature of the first part and a bottomless feature of the second part. While Macauto conceded that the closed-bottom feature of the first part is a groove, the parties disputed whether the same is true of the bottomless feature of the second part. After modifying its original construction of the term "groove" to mean "a long, narrow cut, channel or depression in a material, but not through the material," the Court held that Macauto does not literally infringe the asserted claims because "it cannot be genuinely disputed that the bottomless feature of the second part is not a groove." *Id.* at PageID.3954-58.

On the issue of obviousness, the only available sources of evidence, other than the '659 Patent itself, were four prior art references: BOS's own prior patent reference directed to one-part injection-molded plastic window shade guide rails ("Schlecht"), a textbook that recommends two-part designs for molded plastic products to avoid undercuts ("Beck"), and two prior patent references directed to two-part injection-molded plastic curtain rails ("Nagano" and "Gastmann"). After concluding that the relevant factual findings under the *Graham* factors were not at issue or could not be genuinely disputed, *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966), the Court held that the asserted claims are obvious in light of Schlecht, Beck, Nagano, and Gastmann because they do not "involve more than . . . the mere application of a known technique to a piece of

5

prior art ready for the improvement," *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007); Order, ECF No. 83, PageID.3928-39.

## II. STANDARD OF REVIEW

Section 285 of the Patent Act provides that district courts have discretion in "exceptional" cases to award reasonable attorney's fees to prevailing parties. 35 U.S.C. 285. An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. Section 285 "imposes no specific evidentiary burden," but rather, "demands a simple discretionary inquiry." *Id*. at 557.

## III. ANALYSIS

### A. Infringement

Macauto argues that this is an exceptional case because of the strength of its non-infringement argument and the unreasonableness of BOS's litigation conduct. On the issues of infringement and BOS's litigation conduct, Macauto cites "the rule that a party cannot assert baseless infringement claims and must continually assess the soundness

6

of pending infringement claims, especially after an adverse claim construction." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013). Macauto argues that BOS should have known that Macauto does not infringe the asserted claims because the bottomless feature of the second part is not a groove. Macauto argues that based on the '659 Patent, this should have been "clear" at the outset, and should have become "crystal clear" after the "essentially adverse" Claim Construction Ruling. Defs.' Mot. Br., ECF No. 87 at PageID.3999-4000. Macauto argues that against this background, BOS unjustifiably filed this case and unreasonably refused to settle this case.

In terms of clarity on the issue of infringement, Macauto's reading of the '659 Patent and the Claim Construction Ruling contradicts the Court's analysis. At the summary judgment stage, the parties disputed whether the bottomless feature of the second part is, in accordance with the asserted claims, a "groove." The Court found that "[b]ecause the nature of the Accused Product is not at issue, the dispute between the parties represents an issue of claim construction, not infringement." Order, ECF No. 83, PageID.3954-55 (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996)).

As set forth in the Court's Order, however, neither the '659 Patent nor the Claim Construction Ruling resolved the disputed issue of claim construction. With respect to the '659 Patent, the Court reiterated its finding at the claim construction stage that "the intrinsic evidence of

7

record does not define the term" or "express intent to limit the claimed grooves to the embodiments shown in the figures of the '659 Patent." *Id.* at PageID.3947. Moreover, the Court explained that despite the Claim Construction Ruling, "the dispute between the parties turns on an *unresolved ambiguity* in the scope of the term 'groove' concerning whether a long and narrow something (i.e., a cut, channel or depression) is a groove regardless of whether it is bottomless." *Id.* at PageID.3955 (emphasis added). Likewise, the Court found that "[n]ow that the infringement issues are known, . . . its construction of the term 'groove' *requires modification to resolve the above ambiguity* in the scope of the term." *Id.* (emphasis added).

Accordingly, BOS's infringement argument was not baseless either at the outset of this case or after the Claim Construction Ruling. Therefore, it cannot be said that BOS unjustifiably filed this case or unreasonably refused to settle this case. On the issue of infringement, the Court had to resolve the dispute between the parties at the summary judgment stage for the very reason that neither the '659 Patent nor the Claim Construction Ruling resolved the underlying disputed issue of claim construction. Moreover, even having resolved the disputed issue of claim construction, the Court held that there remains a triable issue as to whether Macauto infringes the asserted claims under the doctrine of equivalents. For these reasons, Macauto's non-infringement argument was not so strong, nor was BOS's infringement argument so weak, as to

8

make this case exceptional. Likewise, in filing this case and refusing to settle this case, BOS's litigation conduct was not unreasonable, much less so unreasonable as to make this case exceptional.

Given the emphasis Macauto places on its argument that BOS unreasonably refused to settle this case, the Court notes several other reasons why Macauto's argument is unpersuasive. Initially, Macauto contradicts its allegations that BOS "refus[ed] to settle" this case and did "not engag[e] in settlement negotiations" by acknowledging not only that the parties held a "settlement conference," but also that BOS made a "settlement demand." ECF No. 87, PageID.4000-01. Macauto also incorrectly faults BOS for the fact that "meaningful progress was not made" because BOS "simply declared victory on infringement" based on its "mistaken confidence" in its reading of the Claim Construction Ruling. *Id.* As set forth above, in terms of clarity on the issue of infringement, it was Macauto who misread the Claim Construction Ruling. In any event, Macauto places undue reliance on the Federal Circuit's *SiOnyx* decision for the principle that "refusal to settle to [*sic*, a] case may be a factor in a district court's analysis." *Id.* (citing *SiOnyx LLC v. Hamamatsu Photonics K.K.*, 981 F.3d 1339, 1355 (Fed. Cir. 2020)). In *SiOnyx*, the Federal Circuit merely noted the non-prevailing party's "refusal to settle" in the context of its discussion regarding the district court's abuse of discretion in denying attorney's fees. *SiOnyx*, 981 F.3d at 1355.

9

Ultimately, the Federal Circuit rejected the prevailing party's argument because the non-prevailing party "was not obligated to settle." *Id.*

### B. Validity

Macauto also argues that this is an exceptional case because of the strength of its obviousness argument as related to the issue of validity. Macauto argues that the prior art references that made up its obviousness defense "certainly existed prior to the filing of this case" and were "disclosed to BOS during the case." ECF No. 87, PageID.3999-4000. Moreover, Macauto argues that at the summary judgment stage, BOS "ignored Macauto's invalidity arguments" and "had no substantive response to Macauto's invalidity contentions." *Id.* at PageID.4004.

Macauto's account of BOS's treatment of the prior art references, while not incorrect, is not the whole story. A patent enjoys a statutory presumption of validity, and the party asserting invalidity must prove invalidity by clear and convincing evidence. 35 U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). At the summary judgment stage, BOS, relying on an "absence of evidence" theory under *Celotex*, argued that Macauto did not support its affirmative defense of obviousness with clear and convincing evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). BOS argued that Macauto's obviousness argument failed not only for lack of expert testimony comparing the prior art references to the asserted claims, but also for lack of clarity.

10

As set forth in the Order, BOS's absence of evidence theory was not baseless. BOS correctly pointed out that Macauto did not offer any expert report on obviousness. Instead, Macauto submitted foreign decisions that assessed the cited prior art references and subsequently invalidated foreign counterparts of the asserted claims, as well as an accompanying affidavit from an employee. However, the Court agreed with BOS that it could not defer to the foreign decisions and that it could not consider the employee's affidavit because his testimony was inadmissible. The Court also agreed with BOS that Macauto's obviousness argument suffered from lack of clarity. "To be clear," the Court explained, "for an accused infringer who asks the Court to resolve the question of obviousness in its favor, the Court would have expected a more thorough presentation of Macauto's obviousness argument through the use of textual argument, claim charts, and the like." Order, ECF No. 83, PageID.3926.

Accordingly, Macauto's obviousness argument was not so strong as to make this case exceptional. In fact, Macauto prevailed on the issue of obviousness *despite* the evidentiary and clarity shortcomings of its obviousness argument. While finding that Macauto's obviousness argument was "sufficiently supported," the Court emphasized that its finding arose from "the *specific context* of the '659 Patent and the prior art references." *Id.* (emphasis added). "At bottom," the Court explained, "this is a case where the prior art references are not only easily understandable, but also clear and convincing, lending significant

11

support to Macauto's obviousness argument in their own right." *Id.* at PageID.3926-27.

Likewise, BOS's absence of evidence theory was not so weak as to make this case exceptional. In fact, BOS could have prevailed on the issue of obviousness absent *either* the specific context of the '659 Patent and the prior art references *or* the Court's willingness to consider the prior art references despite the evidentiary and clarity shortcomings of Macauto's obviousness argument. *See Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp*, Inc., 249 F.3d 1341, 1353 (Fed. Cir. 2001) (rejecting the accused infringers' argument that "the district court should have read the cited references and determined for itself whether they could invalidate the Biotec patents" because "[i]t is not the trial judge's burden to search through lengthy technologic documents for possible evidence").

### C. Other Litigation Conduct

Macauto also argues that BOS used this case "as an economic tool to gain an advantage in the marketplace," which it contends is unreasonable litigation conduct, thereby rendering this is an exceptional case. ECF No. 87, PageID.4003. Macauto argues that as opposed to attempting to make itself whole, BOS used this case to force Macauto, a smaller marketplace competitor, to incur litigation expenses. Macauto alleges that BOS learned through discovery that sales of the Accused Product were limited. Alleging that its own litigation expenses have

12

exceeded profits on sales of the Accused Product, Macauto speculates that BOS's litigation expenses are as much or more than the damages at issue.

At the outset, Macauto does not allege that BOS forced it to incur any litigation expenses beyond those attendant to ordinary patent cases. For instance, Macauto does not allege that BOS prolonged this case, complicated the issues, or created extraneous disputes. Moreover, having presided over this case, the Court sees no reason to suspect that BOS used this case to force Macauto to incur litigation expenses above and beyond a typical case. Upon a review of the docket, BOS's litigation conduct appears to conform to the standard in such cases and was exemplary in the sense that BOS did no more than necessary to advance this case to summary judgment. Beyond the complaint, BOS's only original filings are a *Markman* brief, a motion for summary judgment, and *Daubert* motions. For the sake of comparison, in addition to the instant Motion for attorney's fees, Macauto's original filings include an unsuccessful motion to dismiss, an unsuccessful motion to stay, and an unsuccessful motion to extend expert discovery and disclosure dates.

While Macauto speculates that BOS's litigation expenses are comparable to the damages at issue, Macauto only accounts for what "could be recoverable as either reasonable royalty or lost profit damages." *Id.* at PageID.3995. Had BOS prevailed on its willful infringement claims, however, Macauto could have been held liable for enhanced damages "up to three times the amount found or assessed." 35 U.S.C. § 284; *Halo Elecs.,*

13

*Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1934 (2016). In any event, Macauto does not cite any authority for the principle that a case should be deemed exceptional on the ground of unreasonable litigation conduct when the non-prevailing patentee's expenses are comparable to the damages at issue. Absent contrary authority, and having found Macauto's other arguments unpersuasive, the Court declines to make this the sole factor in deeming this case exceptional.

## CONCLUSION

For the reasons stated above, having considered the totality of the circumstances, this case does not stand out from others with respect to the respective strengths and weaknesses of Macauto's and BOS's arguments on the issues of infringement and obviousness, or the unreasonableness of BOS's litigation conduct, so as to be deemed an exceptional case warranting an award of attorney's fees. *Octane Fitness*, 572 U.S. at 554. Accordingly, the Motion is **DENIED**.

**DATED** this 19th day of April, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge